UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| JEFFREY SCOTT RIGTERINK, ) # 474633, ) ) Petitioner, ) ) v. ) ) LORI GIDLEY, ) ) Respondent. ) ) | Case No. 1:15-cv-799 Honorable Paul L. Maloney |

## MEMORANDUM OPINION

This is a habeas corpus proceeding brought *pro se* by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is currently serving a sentence of 95 to 180 months' imprisonment after he entered his guilty plea in Ottawa County Circuit Court to the charge of arson of real property, in violation of Mich. Comp. Laws § 750.73.

After unsuccessful attempts to overturn his sentence in Michigan's courts, petitioner filed this habeas corpus petition. Petitioner seeks federal habeas relief on the following grounds:

I. [PETITIONER'S] CONSTITUTIONAL RIGHTS AS GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS WERE VIOLATED BY TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE IN FAILING TO ADVISE [PETITIONER] OF THE TRIAL COURT'S INTENTION TO SUBSTANTIALLY DEPART FROM THE SENTENCING GUIDELINES AND IN FAILING TO OBJECT TO THE LEGAL ERRORS IN CALCULATING [PETITIONER'S] SENTENCING GUIDELINES.

    II.    [PETITIONER'S] CONSTITUTIONAL RIGHTS AS GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS WERE VIOLATED BY APPELLATE COUNSEL'S INEFFECTIVE ASSISTANCE IN FAILING TO ARGUE MERITORIOUS CONSTITUTIONAL APPELLATE ISSUES.

    III.    [PETITIONER] WAS DENIED HIS DUE PROCESS RIGHTS AS GUARANTEED UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE THE TRIAL COURT EXCEEDED THE STATUTORILY MANDATED SENTENCING GUIDELINES WITHOUT SUBSTANTIAL AND COMPELLING REASONS JUSTIFYING THE DEPARTURE.

(Amended Petition, 4-7, ECF No. 4, PageID.101-04).

After review of the state-court record, the Court finds that the petition fails to establish grounds for federal habeas corpus relief. The petition will be denied.

## Standard of Review

The Court's review of this petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands the state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citations omitted). "AEDPA requires heightened respect for state court factual and legal determinations." *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006). "State-court factual findings [] are presumed correct; the petitioner has the burden of

rebutting the presumption by clear and convincing evidence." *Davis v. Ayala*, 135 S. Ct. 2187, 2199-2200 (2015) (citations and internal quotations omitted).

If a state court adjudicated the claim, deferential AEDPA standards must be applied. 28 U.S.C. § 2254(d); *see Premo v. Moore*, 562 U.S. 115, 121 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) (("[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)). AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). It prohibits "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132 S. Ct. 2148, 2149 (2012) (*per curiam*).

The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "Section 2254(d) reflects the that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Id.* at 102-03 (citation and internal quotation omitted); *see Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). Section 2254(d) states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see White v. Wheeler*, 136 S. Ct. 456, 460 (2015); *Davis v. Ayala*, 135 S. Ct. at 2198; *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

The only definitive source of clearly established federal law for purposes of § 2254(d)(1) is the holdings—not dicta—of Supreme Court decisions. *White v. Woodall*, 134 S. Ct. at 1702; *see Woods v. Donald*, 135 S. Ct. at 1377 ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court."). "[W]here the precise contours of a right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *Id.* (quotations and internal citations omitted).

An unreasonable application of the Supreme Court's holding must be "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. at 103). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Hill v. Curtin*, 792

F.3d 670, 677 (6th Cir. 2015) (quoting *Parker v. Matthews*, 132 S. Ct. at 2155); *see Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (*per curiam*) ("As we have repeatedly emphasized, [] circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'").

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Section 2254 (d)(2) requires that this Court accord the state trial court substantial deference. If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination. *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013).

## Findings of Fact

### A.   Circuit Court Proceedings

On April 25, 2011, petitioner pleaded guilty in Ottawa County Circuit Court to arson of real property in violation of Mich. Comp. Laws § 750.73. (Plea Transcript (PT), ECF No. 10-2). The terms of the plea agreement were placed on the record. In exchange for his guilty plea to an arson that he committed on February 6, 2011, and the habitual offender charge, the prosecutor agreed not to charge petitioner with an additional arson committed on January 29, 2011. There was no agreement regarding petitioner's sentence. (PT, 1-5, PageID.197-200). The court expressly informed petitioner that as an habitual offender, he faced a maximum penalty of "15 years of incarceration" if he

entered a guilty plea. (PT, 3, PageID.198). Petitioner testified that he had reviewed his rights with his attorney and he had signed the Advice of Rights Form. He understood the rights that he would be giving up if he entered a guilty plea. Petitioner testified that he was pleading guilty because he was guilty. Petitioner then supplied the factual basis supporting his guilty plea and he conceded his prior felony conviction. (PT, 3-6, PageID.198-201). Judge Hulsing determined that there was an adequate factual basis to support the arson and habitual offender charges. He accepted petitioner's guilty plea because it was knowing and voluntary. (PT, 6, PageID.201).

On June 13, 2011, Judge Hulsing conducted a sentencing hearing. (Sentencing Transcript (ST), ECF No. 10-4). The presentence report was modified to reflect that petitioner had seven felony convictions and seven misdemeanor convictions. (ST, 2-3, 8, PageID.209-10, 215). Judge Hulsing found substantial and compelling reasons for an upward departure from Michigan's sentencing guidelines. (ST, 10-14, PageID.217-21). He sentenced petitioner to 95 months to 180 months' imprisonment. ST, 14, PageID.221; Judgment of Sentence Commitment to Corrections Department, ECF No. 10-7, PageID.344).

### B. Subsequent Proceedings

On December 9, 2011, petitioner filed his delayed application for leave to appeal in the Michigan Court of Appeals which was limited to challenging the sentence imposed. (ECF No. 10-7, PageID.274-89). He was represented by appellate counsel. The court granted petitioner's application for leave to appeal his sentence. (*Id.* at

PageID.269). On October 16, 2012, the Michigan Court of Appeals rejected petitioner's arguments and it affirmed petitioner's sentence. (*Id.* at PageID.269-71).

Petitioner sought leave to appeal to Michigan's highest court. (ECF No. 10-8, PageID.391-405). On April 1, 2013, the Michigan Supreme Court denied petitioner's application for leave to appeal because it was "not persuaded that the questions presented should be reviewed by [the] Court." (*Id.* at PageID.390).

On July 18, 2013, petitioner filed a motion for relief from judgment in Ottawa County Circuit Court. (ECF No. 10-5, PageID.225-48). On August 7, 2013, Judge Hulsing found that the issues raised by petitioner lacked merit and denied petitioner's motion for relief from judgment. (ECF No. 10-6, PageID.263-68). He noted that the Michigan Court of Appeals had already rejected on direct appeal petitioner's claims that his sentence violated due process and constituted cruel and unusual punishment. (*Id.* at PageID.265). Judge Hulsing applied the standards of *Strickland v. Washington*, 446 U.S. 668 (1984) and rejected all petitioner's claims of ineffective assistance of trial and appellate counsel. He rejected petitioner's claims that his attorney had been ineffective at sentencing. The Court of Appeals had affirmed petitioner's sentence and his counsel was not ineffective for failure to raise petitioner's meritless challenge to his sentence. Appellate counsel had not been ineffective when she declined to raise petitioner's

meritless claims of ineffective assistance of trial counsel. (ECF No. 10-6 at PageID.266-67).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. (ECF No. 10-9, PageID.419-21). On December 20, 2013, the Michigan Court of Appeals denied petitioner's application because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (ECF No. 10-9, PageID.418). On January 29, 2014, petitioner filed an application for leave to appeal in the Michigan Supreme Court. (ECF No. 10-10, PageID.546). On September 5, 2014, Michigan's highest court denied petitioner's application for leave to appeal because petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (ECF No. 10-10, PageID.459).

On June 30, 2015, petitioner filed his habeas corpus petition.[1] (ECF No. 1). On August 13, 2015, the Court ordered petitioner to file an amended petition on the required form. (ECF No. 3). On September 8, 2015, petitioner deposited his amended

---

[1]The June 30, 2015, filing date gives petitioner the benefit of the "mailbox rule" based on the date petitioner signed his habeas corpus petition. (ECF No. 1, PageID.5). This date is well before August 18, 2015, petitioner's deadline for filing his habeas corpus petition under 28 U.S.C. § 2244(d). The petition was timely and it included all three grounds at issue. (ECF No. 1, PageID.3-4).

On August 13, 2015, the Court ordered petitioner to file an amended petition on the required form on or before September 10, 2015. (ECF No. 3, PageID.96). Petitioner complied with the Court's order. (ECF No. 4, PageID.108). The Court's order was not a trap for the *pro se* petitioner. The relevant date is the June 30, 2015, filing date, not the "September 2, 2015," date argued by respondent. (ECF No. 9, PageID.123). An order will enter denying respondent's motion seeking dismissal of the petition on the ground that it is barred by the statute of limitations.

petition in the prison's mail system (ECF No. 4, PageID.108; ECF No. 5, PageID.109) and his amended pleading is deemed filed as of that date.

**Discussion**

**I.   Sixth Amendment**

   A.   Trial Counsel

In Ground I, petitioner claims ineffective assistance of trial counsel. (Petition at 4, ECF No. 4, PageID.101; *see also* Petitioner's Brief at 10-21, ECF No. 2, PageID.22-33).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Petitioner bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). On the prejudice prong, petitioner "must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Because the trial court decided petitioner's claims of ineffective assistance of counsel on their merits, its decision must be afforded deference under AEDPA. *See Burt*

*v. Titlow*, 134 S. Ct. 10, 15-16 (2013); *Harrington v. Richter*, 562 U.S. at 98-102. To receive habeas relief, petitioner must demonstrate that the state court's decision was contrary to, or represented an unreasonable application of, *Strickland v. Washington*. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

Hence, it is not enough to convince the federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, petitioner must show that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell*, 535 U.S. at 699; *see Campbell v. Bradshaw*, 674 F.3d 578, 586-87 (6th Cir. 2012). This creates a "high burden" for petitioner. *See Carter v. Mitchell*, 443 F.3d 517, 525 (6th Cir. 2006); *see also Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013). "[B]ecause the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

The Supreme Court has described this as "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard." *Knowles*, 556 U.S. at 123; *see Woods v. Donald*, 135 S. Ct. at 1375-77; *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (*per curiam*). The question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Premo v. Moore*, 562 U.S. 115, 123 (2011); *see McGowan v. Burt*, 788 F.3d 510, 515 (6th Cir. 2015). Petitioner must show that the state court's ruling on the claim being presented in federal court was "so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Woods v. Donald*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. at 103); *see also Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (*per curiam*).

Judge Hulsing rejected all petitioner's claims of ineffective assistance of counsel for lack of merit. (ECF No. 10-6, PageID.264-67). Petitioner's attorney was not required to make a frivolous or meritless arguments. The plea transcript established that petitioner had been informed of the fifteen-year maximum sentence, that there was no agreement regarding sentencing in his plea agreement, and that the only promises made to petitioner with regard to his plea were those set forth on the record during the plea hearing. The judge found that petitioner had not been promised a sentence of no more than 28 months.[2] (*Id.*).

The Court finds that petitioner has not shown that the state court decision rejecting his claims of ineffective assistance of trial counsel were "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" under the "doubly deferential" standard of review. 28 U.S.C. § 2254(d)(1).

---

[2] The judge's factual findings are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Petitioner has not carried his burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.*

B.  <u>Appellate Counsel</u>

In Ground II, petitioner argues that his appellate counsel was ineffective when he failed to raise the issues that petitioner later raised in his motion for relief from judgment. (Amended Petition, 6, ECF No. 4, PageID.103; *see also* Petitioner's Brief, 21-25, ECF No. 2, PageID.33-37).

Claims of ineffective assistance of appellate counsel are measured under the *Strickland* standards. *See Evitts v. Lucey*, 469 U.S. 387 (1985). Appellate counsel acts within the fair range of professional assistance when counsel chooses not to assert weak or unsupported issues on appeal. *See Smith v. Murray*, 477 U.S. 527, 536 (1986). Tactical choices regarding issues on appeal are properly left to the sound judgment of counsel. *See United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). " 'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of appellate advocacy." *Smith v. Murray*, 477 U.S. at 536 (quoting *Jones v. Barnes*, 463 U.S. at 751-52). Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). To overcome the presumption of competence of appellate counsel in these circumstances, petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert. *Id.*; *see Bourne v. Curtin*, 666 F.3d 411, 414 (6th Cir. 2012). Appellate counsel has no duty to raise meritless issues. *Evitts*, 469 U.S. at 394;

*Jones v. Barnes*, 463 U.S. 745, 753-54 (1983); *Lewis v. Alexander*, 11 F.3d 1349, 1354 (6th Cir. 1993).

As for prejudice, the court focuses on whether "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair," *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), and the petitioner "must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. at 694. Consequently, counsel's failure to raise an issue on appeal is ineffective assistance "only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005).

The trial court found that appellate counsel did not render ineffective assistance when she declined to assert the meritless claims that petitioner raised in his motion for relief from judgment. Petitioner suffered no prejudice stemming from his appellate counsel's decision not to raise those arguments on direct appeal. (ECF No. 10-6, PageID.267).

The Court finds that the trial court's decision rejecting all petitioner's claims of ineffective assistance of counsel easily withstands scrutiny under the "doubly deferential" standard of review. *See* 28 U.S.C. § 2254(d)(1).

## II.  Sentencing Guidelines

Ground III is petitioner's claim that the trial court "exceeded the statutorily mandated sentencing guidelines without substantial and compelling reasons justifying

the departure." (Amended Petition, 7, ECF No. 4, PageID.104; *see also* Petitioner's Brief, 25-29, ECF No. 2, PageID.37-41).

The Michigan Court of Appeals held that there were substantial and compelling reasons supporting the trial court's upward departure from Michigan's sentencing guidelines. (ECF No. 10-7, PageID.269-71). Petitioner's sentence did not exceed the statutory maximum. His challenge to the upward departure from the sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x. 52, 53 (6th Cir. 2003); *Cooper v. Haas*, No. 16-10549, 2017 WL 467405, at *13 (W.D. Mich. Feb. 3, 2017) (collecting cases); *see also Stav v. Palmer*, No. 1:13-cv-1185, 2017 WL 512697, at *10 (W.D. Mich. Feb. 8, 2017).

While petitioner disputes the trial court's findings, he has offered nothing to show that they were materially false. Accordingly, he falls far short of establishing a due process violation under *Townsend v. Burke*, 334 U.S. 736, 741 (1948). *See Smith v. Berghuis*, No. 1:10-cv-774, 2016 WL 4472893, at *13 (W.D. Mich. Aug. 25, 2016); *Cassarrubias v. Prelesnik*, No. 1:09-cv-1172, 2014 WL 1338172, at *10 (W.D Mich. Mar. 31, 2014). Further, petitioner has not addressed, much less satisfied, his burden under 28 U.S.C. § 2254(d).

### III.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has

demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDonnell*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the Court has examined each of petitioner's claims under the *Slack* standard.

Petitioner cannot demonstrate that reasonable jurists would find that the denial of habeas corpus relief on each of the grounds raised in his petition is debatable or wrong. *See Slack*, 529 U.S. at 484. Accordingly, the Court will enter an order denying petitioner a certificate of appealability.

## Conclusion

For the foregoing reasons, the habeas corpus petition will be denied.


Dated:   March 10, 2017             /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge